UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CINDY MOONSAMMY, *et al.*,

                          Plaintiffs,

-v-

DAVID C. BANKS, *et al.*,

                          Defendants.

24 Civ. 5151 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    On July 16, 2024, plaintiffs Cindy and Kemraj Moonsammy (the "Moonsammys") filed a motion for emergency injunctive relief requiring defendant New York City Department of Education (the "Department") "to convene a resolution meeting with the Plaintiffs and with a relevant member or members of [their daughter] A.M.'s IEP team who with specific knowledge of the facts identified in A.M.'s [due process complaint ("DPC")], as well as a public agency representative, with decision-making authority on that agency's behalf, within 15 days of receipt of Plaintiffs' DPC or as soon thereafter as practicable, but in no event more than 30 days from receipt of Plaintiffs' DPC as required by 20 U.S.C. § 1415(f)(1)(B) and 34 C.F.R. § 300.510." Dkt. 12 at 25.

    On July 17, 2024, the Court directed the parties to promptly confer regarding plaintiffs' request for such resolution meeting and, in the event they could not reach agreement, required the Department to respond to the Moonsammys' motion for emergency relief. Dkt. 15. On July 31, 2024, the Department filed an opposition to the motion for emergency relief, Dkt. 20, and a declaration in support, Dkt. 21. On August 7, 2024, the Moonsammys filed a reply, Dkt. 25, and declarations in support, Dkts. 26–27.

On August 14, 2024, the Court held a hearing on the Moonsammys' motion for emergency relief ("the Hearing").

A party seeking an emergency injunction must show "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that [emergency injunctive relief] is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (citing *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015)). For the reasons given by the Court at the Hearing, the Moonsammys have not borne their burden of showing they are likely to suffer irreparable harm in the absence of the emergency injunctive relief sought. *See also Bruckauf et al. v. Banks et al.*, 24-cv-5136 (LGS) (S.D.N.Y. Aug. 1, 2024), Dkt. 25; *Ramos et al. v. Banks et al.*, 24-cv-5109 (LGS) (S.D.N.Y. Aug. 1, 2024), Dkt. 33; *Thomas et al. v. Banks et al.*, 24-cv-5138 (JLR) (S.D.N.Y. Aug. 8, 2024), Dkt. 24. The Moonsammys have thus failed to establish their entitlement to emergency injunctive relief.

It is ORDERED that plaintiffs' motion for emergency injunctive relief is hereby DENIED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: August 14, 2024
New York, New York

2