EXHIBIT 2

# **PENDENCY ORDER**

| | |
|---|---|
| Case Number: | 277268 |
| Student's Name: | A███ M████████ ("Student") |
| School District: | NYC DOE |
| Hearing Requested by: | Parent |
| Request Date/Date Complaint Filed: | July 2, 2024 |
| Date(s) of Hearing: | August 22, 2024 |
| Date of Decision: | October 2, 2024 |
| Hearing Officer: | Sabrina Styza |

Pendency Order
Case No. 277268

## INTRODUCTION

This is a decision on the issue of Pendency under the Individuals with Disabilities Education Act ("IDEA"), the New York Education Law.

## PROCEDURAL HISTORY

The Parent, through counsel, filed a Due Process Complaint ("DPC") on July 2, 2024. (Ex. A). The DOE appointed me to hear this case on July 3, 2024.

I held a pendency hearing on August 22, 2024. It was a closed hearing. Parents' Attorney represented the Parents. The DOE Representative represented the DOE.

At the hearing, the DOE contested the Student's right to pendency at the Private School, related services, transportation and 1:1 nursing services. The DOE did not offer any exhibits. The DOE did not call any witnesses.

The Parent's counsel argued that the Student was entitled to pendency which include 100% of tuition at Private Placement, transportation through Specialty Transportation and nursing services. The Parents' Attorney offered proposed exhibits A-B into the record, and I admitted exhibits A-B into the record for the purposes of pendency. Both Parties made a statement as it related to their position on pendency and submitted multiple emails of their positions as it relates to pendency.

## FINDINGS OF FACT

The Student suffers from a brain injury and is classified as having a brain injury and currently attends Private Placement, which includes, related services, 1:1 nursing and specialty transportation. (Ex. A). This litigation arises out of the April 11, 2024, IEP as the Parent disputes this IEP is appropriate and seeks placement at Private Placement, related services, specialty transportation and 1:1 nursing. *Id*. On August 15, 2024, SRO decision SRO 24-237 was issued as it related to the 2023-2024 school year. After the pendency hearing was concluded Parent Counsel informed undersigned IHO via email on August 27, 2024, that Parent counsel appealed that decision as it related to equitable considerations and emailed proof of the appeal.

## CONCLUSIONS OF LAW AND ANALYSIS

The IDEA and the New York State Education Law require that a student remain in their then current educational placement, unless the student's parent(s) and the board of education otherwise agree, during the pendency of any proceedings relating to the identification, evaluation or placement of the student. 20 U.S.C. § 1415(j); Educ. Law §§ 4404(4), 4410(7)(c); 34 C.F.R. § 300.518(a); 8 NYCRR § 200.5(m); *see*, *Student X v. New York City Dep't of Educ.,* 2008 WL 4890440, at *20 (E.D.N.Y. Oct. 30, 2008); *Bd. of Educ. v. O'Shea*, 353 F. Supp. 2d 449, 455-56 (S.D.N.Y. Jan. 18, 2005).

Pendency has the effect of an automatic injunction, and the party requesting it need not meet the requirements for injunctive relief such as irreparable harm, likelihood of success on the merits, and a

balancing of the hardships. *See Zvi D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982); *see also, Wagner v. Bd. of Educ.*, 335 F.3d 297, 301 (4th Cir. 2003); *Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 864 (3d Cir. 1996).

Under the IDEA, the pendency inquiry focuses on identifying the student's then-current educational placement. *Mackey v. Bd. of Educ.*, 386 F.3d 158, 163 (2d Cir. 2004), *citing Zvi D.* 694 F.2d at 906. Although not defined by statute, the phrase "then current placement" has been found to mean:

(1) the placement described in the student's most recently implemented IEP;
(2) the operative placement actually functioning at the time when the due process proceeding was commenced; or
(3) the placement at the time of the previously implemented IEP.

*See Dervishi v. Stamford Bd. of Educ.*, 653 Fed. App'x 55, 57-58 (2d Cir. June 27, 2016), *quoting Mackey*, 386 F.3d at 163; *T.M.*, 752 F.3d at 170-71 (holding that the pendency provision "requires a school district to continue funding whatever educational placement was last agreed upon for the child"); *see Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 452 (2d Cir. 2015) (holding that a student's entitlement to stay-put arises when a due process complaint notice is filed); *Susquenita Sch. Dist. v. Raelee*, 96 F.3d 78, 83 (3d Cir. 1996); Letter to Baugh, 211 IDELR 481 (OSEP 1987).

Furthermore, the Second Circuit has stated that educational placement means "the general type of educational program in which the child is placed" (*Concerned Parents*, 629 F.2d at 753, 756), and that the pendency provision does not guarantee a disabled child the right to remain in the exact same school with the exact same service providers" (*T.M.*, 752 F.3d at 171.). However, if there is an agreement between the parties on the student's educational placement during the due process proceedings, it need not be reduced to a new IEP, and the agreement can supersede the prior unchallenged IEP as the student's then-current educational placement. *Bd. of Educ. v. Schutz*, 290 F.3d 476, 483-84 (2d Cir. 2002); *Evans*, 921 F. Supp. at 1189 n.3; *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 86 F. Supp. 2d 354, 366 (S.D.N.Y. 2000), aff'd, 297 F.3d 195 (2d Cir. 2002); see also Letter to Hampden, 49 IDELR 197 (OSEP 2007).

As stated earlier in this decision, Parent counsel has appealed the equitable findings of the most recent SRO 24-237 decision so it cannot serve as pendency because it subject to an appeal. (Ex. B). Therefore, Judge Engelmeyer's previous order dated 6/3/24 in *Moonsammy v Banks* 24 cv 2616 serves as pendency for this action. (Ex. A-C); *see also* (A-D). Judge Engelmeyer's order provides the Student is entitled to full tuition and related service at Private Placement and transportation which relied on SRO 24-237 finding that iBrain was an appropriate placement. (Ex. A-C); *see also* (Ex. A-B). Therefore, I find Student is entitled to full tuition and related services at Private Placement, which will serve as pendency for the duration of this litigation dated back to the date of filing of the DPC, July 2, 2024.

As it relates to 1:1 nursing, SRO 24-237, SRO reversed the IHO's determination that 1:1 nursing services was excessive: "I note that while I am upholding the IHO's determination to deny the parent's request for nursing services, based on the IHO's determination to deny funding on equitable grounds. (Ex. A-B). "I do not agree with the IHO's alternative funding that funding for 1:1 nursing services would have been denied as being an excessive service and I will address that issues separately for the sake of thoroughness." *Id*. "Although not in dispute on appeal a brief discussion of the student's needs is necessary to resolve the issue of whether the provision of 1:1 nursing services at [Private Placement] was a necessary

service or could be considered a service that was not necessary for the provision of a FAPE and that would have been segregable from the student's otherwise appropriate education program." *Id*. Despite SRO 24-237 finding the nursing services were appropriate under prong 1 but determined the amount excessive under equities should have no basis for pendency, once appealed that order cannot serve as pendency, even if only appealed on equities. Judge Engelmeyer's order dated 6/3/24 in *Moonsammy v Banks* 24 cv 2616 held at that Private Placement constitutes the student's pendency placement including tuition, related services and transportation, but not 1:1 nursing. (Ex. A-C). Since Judge Engelmeyer's order dated 6/3/24 is the only order in this matter that is not currently under appeal, it serves as pendency for this matter. *Id*. Judge Engelmeyer's order dated 6/3/24 in *Moonsammy v Banks* 24 cv 2616 therefore serves as the basis of pendency in this matter, therefore, the Student is not entitled to 1:1 nursing under pendency for the tenure of this action, despite the appeal only being constrained to equities.

Judge Engelmeyer's order from 6/3/24 also states that pendency should include specialty transportation, any dispute to the ordered transportation in SRO 24-237 cannot be considered in these proceedings as they are now being appealed. (Ex. A-B); *see also* (Ex. A-C). However, the District argues that District offered the Student appropriate transportation by providing Parent appropriate transportation; the District argues they retain the right to select the pendency program and implement pendency. The Second Circuit held that pendency "does not eliminate … the school district's preexisting and independent authority to determine how to provide the most-recently-agreed-upon educational program." *Ventura de Paulino*, 959 F.3d at 533-534. I find this argument unconvincing, as Judge Engelmeyer's order from 6/3/24, which serves as pendency of this action, ordered specialty transportation. (Ex. A-C). Additionally, the court in Ventura never intended the District to change a previous pendency order to merely give the District an opportunity to provide a service, that would be contrary to the purpose of pendency. It is clear, Judge Engelmeyer's order from 6/3/24 provides specialty transportation as pendency and serves as pendency in this action. Therefore, I find the Student is entitled to specialty transportation for the tenure of this litigation under Judge Engelmeyer's unappealed order from 6/3/24. (Ex. A-C). I find the Student is entitled to specialty transportation, daily round-trip private transportation per Specialty Transportation for the 12-month school year for the tenure of this litigation dated back to the filing of the DPC, July 2, 2024.

Therefore, I find the Student is entitled to pendency under Judge Engelmeyer's unappealed order from 6/3/24, which includes full tuition and related services at Private Placement and private door to door transportation to be provided by Specialty Transportation but does not include 1:1 nursing for the tenure of this litigation dated back to the date of filing of the DPC, July 2, 2024.

**ORDER**

Based upon the above Findings of Fact and Conclusions of Law, it is hereby ordered:

1. Within 7 days, the DOE shall begin directly funding the Student's tuition and related services at the Private Placement. The DOE shall directly fund the tuition retroactive to the filing of the Parents' Due Process Complaint and during the pendency of these proceedings.

2. Within 7 days, the DOE shall begin funding Student with private, door to door specialized transportation through Specialty Transportation. The DOE shall directly fund the Private Transportation through Specialty Transportation retroactive to the filing of the Parents' Due Process Complaint and during the pendency of these proceedings.

**SO ORDERED.**
DATED: October 2, 2024

/s Sabrina Styza
Impartial Hearing Officer

Pendency Order
Case No. 277268

# NOTICE OF RIGHT TO APPEAL

Within 40 days of the date of this decision, the parent and/or the Public-School District has a right to appeal the decision to a State Review Officer (SRO) of the New York State Education Department under section 4404 of the Education Law and the Individuals with Disabilities Education Act.

If either party plans to appeal the decision, a notice of intention to seek review shall be personally served upon the opposing party no later than 25 days after the date of the decision sought to be reviewed.

An appealing party's request for review shall be personally served upon the opposing party within 40 days from the date of the decision sought to be reviewed. An appealing party shall file the notice of intention to seek review, notice of request for review, request for review, and proof of service with the Office of State Review of the State Education Department within two days after service of the request for review is complete. The rules of procedure for appeals before an SRO are found in Part 279 of the Regulations of the Commissioner of Education. A copy of the rules in Part 279 and model forms are available at http://www.sro.nysed.gov.

Pendency Order
Case No. 277268

## APPENDIX A – REDACTION IDENTIFICATION PAGE

| Term Used In FOFD | Redacted Information |
|---|---|
| Student | A▮▮▮ M▮▮▮▮▮▮▮ |
| Parent/Guardian | Cindy Moonsammy |
| Parent Attorney/Representative | Patrick Donohue, Esq. |
| District Attorney/Representative | Brain Gauthier, Esq. |
| Private School | International Academy for the Brain iBrain |
| Specialty Transportation | Sisters Travel and Transportation Services, LLC |
| District | NYC DOE |

Pendency Order
Case No. 277268

# APPENDIX B – DOCUMENTATION ENTERED INTO THE RECORD

**PARENT EXHIBITS**

| Exhibit | Date | Description | Number of pages |
|---|---|---|---|
| A | 07/02/2024 | Due Process Complaint | 56 |
| B | 08/15/2024 | SRO, 24-237 | 19 |