**BRAIN INJURY RIGHTS GROUP**

Address: 300 E 95th St., Suite #130 New York, NY 10128
Telephone: 646.850.5035
Website: www.braininjuryrights.org

October 29, 2024

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Moonsammy et al. v. Banks et al.*, 24-cv-05151 (PAE)

Dear Judge Engelmayer,

I represent Plaintiffs in the within matter. On October 22, 2024, I filed an Amended Complaint on behalf of the Plaintiffs. [ECF No. 36].

Plaintiffs believed they were entitled to file their First Amended Complaint as of right under Fed. R. Civ. P. 15 (a)(1)(B). Plaintiffs' original Complaint was filed on or about July 11, 2024. [ECF No. 11]. Defendants have not yet filed an Answer or served a motion under Rule 12(b), (e), or (f). As the Court is aware, Fed. R. Civ. P. 15(a)(1) provides in pertinent part, that:

> A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).

The undersigned apologizes to the Court if we have misinterpreted Fed. R. Civ. P. 15(a)(1)(B). As the undersigned interprets Rule 15(a)(1)(B), the Plaintiffs may amend their Complaint once, as of right, any time from the date the Complaint is filed until 21 days after Defendants respond to the Complaint.

As Your Honor may be aware, in 2023 Rule 15 was amended from "A party may amend its pleading once as a matter of course **within:**" to "A party may amend its pleading once as a matter of course **no later than:**" Fed. R. Civ. P. 15. The Advisory Committee Note to the 2023 amendment to Fed. R. Civ. P. 15 states:

> Rule 15(a)(1) is amended to substitute "no later than" for "within" to measure the time allowed to amend once as a matter of course. A literal reading of "within" would lead to an untoward practice if a pleading is one to which a responsive pleading is required and neither a responsive

>pleading nor one of the Rule 12 motions has been served within 21 days after service of the pleading. Under this reading, the time to amend once as a matter of course lapses 21 days after the pleading is served and is revived only on the later service of a responsive pleading or one of the Rule 12 motions. There is no reason to suspend the right to amend in this way. "No later than" makes it clear that the right to amend continues without interruption until 21 days after the earlier of the events described in Rule 15(a)(1)(B).

Fed. R. Civ. P. 15.

In light of the preceding, Plaintiffs believed they were entitled to amend their complaint once as of right because Defendants herein had not yet answered.

Nevertheless, per the Court's instructions, Plaintiffs conferred with Defendants, who provided their consent to the amendment. A copy of the email providing that written consent is annexed hereto as "Exhibit A".

While this is not a joint letter, Defendants requested that Plaintiffs include the following statement in this letter:

>Defendants consent to this request. However, Defendants' consent is not to be construed as a waiver of their right to seek a stay of this matter. Defendants note that their considering a stay in this case was set forth in their letter-motion dated October 7, 2024 (ECF No. 34).

Plaintiffs thank the Court for its consideration in this matter.

Respectfully submitted,

*Daniela Jampel*

Daniela Jampel


Cc:   All Counsel of Record via ECF.

# Exhibit A



**Teszler, Eric (LAW)**     Wed, Oct 23, 5:05 PM (6 days ago)
to John, me, Thomas, Bradley, Rory

Hi Daniela,

Defendants consent to Plaintiffs' request to amend the Complaint. However, Defendants' consent to this request is not to be construed as a waiver of their intent to request a stay of this matter, which was briefly addressed in their letter-motion dated October 7, 2024 (ECF No. 34).

Defendants request that the foregoing sentence be included in the letter you submit to the Court. We would also appreciate reviewing a copy of the letter prior to your filing.

Best,

Eric Teszler
Assistant Corporation Counsel
General Litigation Division
New York City Law Department
100 Church Street, 2nd Floor
New York, New York 10007
(212) 356-1652
eteszler@law.nyc.gov