UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

CINDY MOONSAMMY and KEMRAJ MOONSAMMY, as Parents and Natural Guardians of A.M., and CINDY MOONSAMMY and KEMRAJ MOONSAMMY, Individually,

                                     Plaintiffs,

               -against-

DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION,

                                     Defendants.

------------------------------------------------X

24-cv-05151 (PAE)

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendants, David C. Banks, in his official capacity as Chancellor of the New York City Department of Education, and the New York City Department of Education ("DOE") (collectively, "Defendants"), by their attorney, Acting Corporation Counsel of the City of New York, Muriel Goode-Trufant, as and for their Answer to the First Amended Complaint ("Amended Complaint"), filed October 30, 2024 (ECF No. 40), respectfully allege as follows:

1. Deny the allegations set forth in paragraph "1" of the Amended Complaint, and respectfully refer the Court to the sections of the Individuals with Disabilities Act ("IDEA") cited therein, as well as the IDEA's interpretive case law, for a complete and accurate statement regarding the provision of a free and appropriate education ("FAPE").

2. Deny the allegations set forth in paragraph "2" of the Amended Complaint, and respectfully refer the Court to the IDEA referenced therein, as well as the IDEA's interpretive case law, for a complete and accurate statement regarding the provision of a FAPE.

3. Deny the allegations set forth in paragraph "3" of the Amended Complaint, and respectfully refer the Court to the section of the IDEA referenced therein for a complete and accurate statement of its contents.

4. Deny the allegations set forth in paragraph "4" of the Amended Complaint, and respectfully refer the Court to the IDEA referenced therein, as well as the IDEA's interpretive case law, for a complete and accurate statement regarding the provision of an Individualized Education Program ("IEP").

5. Deny the allegations set forth in paragraph "5" of the Amended Complaint, and respectfully refer the Court to the sections of the IDEA cited therein, as well as the IDEA's interpretive case law, for a complete and accurate statement regarding the provision of an IEP.

6. Deny the allegations set forth in paragraph "6" of the Amended Complaint, and respectfully refer the Court to the IDEA, as well as the IDEA's interpretive case law, for a complete and accurate statement regarding the provision of an IEP.

7. Deny the allegations set forth in paragraph "7" of the Amended Complaint, and respectfully refer the Court to the IDEA, as well as the IDEA's interpretive case law, for a complete and accurate statement regarding the provision of an IEP.

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint, and respectfully refer the Court to the IDEA referenced therein, as well as the IDEA's interpretive case law, for a complete and accurate statement regarding the provision of an IEP.

9. Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that A.M. has been classified as a student with a disability.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that on or about July 2, 2024, Plaintiffs filed a Due Process Complaint ("DPC") against

DOE, and respectfully refer the Court to the July 2, 2024 DPC for a complete and accurate statement of its contents.

11. Deny the allegations set forth in paragraph "11" of the Amended Complaint, and respectfully refer the Court to the section of the IDEA cited therein for a complete and accurate statement of its contents. Defendants additionally respectfully refer the Court to the July 2, 2024 DPC for a complete and accurate statement of its contents.

12. Deny the allegations set forth in paragraph "12" of the Amended Complaint, and respectfully refer the Court to the authorities cited therein for a complete and accurate statement of their contents.

13. Deny the allegations set forth in paragraph "13" of the Amended Complaint, and respectfully refer the Court to the IDEA, as well as the IDEA's interpretive case law, for a complete and accurate statement regarding the meaning of the phrase, "then-current educational placement."

14. Deny the allegations set forth in paragraph "14" of the Amended Complaint, and respectfully refer the Court to the IDEA, as well as the IDEA's interpretive case law, for a complete and accurate statement regarding the meaning of the phrase, "then-current educational placement."

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint, and respectfully refer the Court to the authority cited therein for a complete and accurate statement of its contents.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint, and respectfully refer the Court to the IDEA, as well as the IDEA's interpretive case law, for a complete and accurate statement regarding pendency.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

18. Deny the allegations set forth in paragraph "18" of the Amended Complaint, and respectfully refer the Court to the administrative order referenced therein for a complete and accurate statement of its contents.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

21. Deny the allegations set forth in paragraph "21" of the Amended Complaint, and respectfully refer the Court to the IDEA, as well as the IDEA's interpretive case law, for a complete and accurate statement regarding pendency.

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint, and respectfully refer the Court to the authorities cited therein for a complete and accurate statement of their contents.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint, except admit that Plaintiffs seek to invoke the Court's jurisdiction as stated therein, and respectfully refer the Court to the authorities cited therein for a complete and accurate statement of their contents.

25. Deny the allegations set forth in paragraph "25" of the Amended Complaint, except admit that Plaintiffs seek to invoke the Court's jurisdiction as stated therein, and respectfully refer the Court to the authority cited therein for a complete and accurate statement of its contents.

26. Deny the allegations set forth in paragraph "26" of the Amended Complaint, and respectfully refer the Court to the authorities cited therein for a complete and accurate statement of their contents.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint, except admit that Plaintiffs seek to lay venue as stated therein, and respectfully refer the Court to the authority referenced therein for a complete and accurate statement of its contents.

28. Deny the allegations set forth in paragraph "28" of the Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein, and respectfully refer the Court to the authorities cited therein, as well as the IDEA's interpretive case law, for a complete and accurate statement regarding reasonable attorneys' fees and "prevailing party" status.

29. Admit, upon information and belief, the allegations set forth in paragraph "29" of the Amended Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Amended Complaint.

31. Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint, and respectfully refer the Court to the authorities cited therein for a complete and accurate statement of their contents.

33. Deny the allegations set forth in paragraph "33" of the Amended Complaint, except admit that DOE is a "local educational agency" as defined by the IDEA, and respectfully refer the Court to Article 52-A of the New York State Education Law for information regarding the powers and duties of the DOE, and to Article 89 of the New York State Education Law for additional information regarding the DOE's responsibilities concerning students with disabilities.

34. Deny the allegations set forth in paragraph "34" of the Amended Complaint, except admit that DOE receives federal funds under the IDEA, and respectfully refer the Court to the authorities cited therein for a complete and accurate statement of their contents.

35. Deny the allegations set forth in paragraph "35" of the Amended Complaint, except admit that the DOE has offices at 52 Chambers Street, in the County and State of New York.

36. Deny the allegations set forth in paragraph "36" of the Amended Complaint, except admit that the Implementation Unit has an office at 65 Court Street, Brooklyn, New York 11201.

37. Admit, upon information and belief, the allegations set forth in paragraph "37" of the Amended Complaint.

38. Admit, upon information and belief, the allegations set forth in paragraph "38" of the Amended Complaint.

39. Deny the allegations set forth in paragraph "39" of the Amended Complaint, except admit that A.M. has been classified as a student with a disability, and admit upon information and belief that A.M. is a seven-year-old student.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Amended Complaint.

41. Deny the allegations set forth in paragraph "41" of the Amended Complaint, except admit that A.M. has been classified as a student with a disability, and respectfully refer the Court to the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of a FAPE.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint, except admit that A.M. has been classified as a student with a disability, and respectfully refer the Court

to the IDEA and New York Education Law referenced therein for a complete and accurate statement regarding the provision of a FAPE.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint, except admit that A.M. has been classified as a student with a disability, and respectfully refer the Court to the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of an IEP.

44. Deny the allegations set forth in paragraph "44" of the Amended Complaint, except admit that on or about December 7, 2023, Plaintiffs filed a Due Process Complaint ("DPC") against DOE which was designated Impartial Hearing ("IH") Case No. 266488, and respectfully refer the Court to the December 7, 2023 DPC for a complete and accurate statement of its contents.

45. Deny the allegations set forth in paragraph "45" of the Amended Complaint, except admit that on or about May 2, 2024, Impartial Hearing Officer Patricia Le Goff ("IHO Le Goff") issued a Findings of Fact and Decision ("FOFD") in IH Case No. 266488, and respectfully refer the Court to the May 2, 2024 FOFD for a complete and accurate statement of its contents.

46. Deny the allegations set forth in paragraph "46" of the Amended Complaint, and respectfully refer the Court to the May 2, 2024 FOFD for a complete and accurate statement of its contents.

47. Deny the allegations set forth in paragraph "47" of the Amended Complaint, and respectfully refer the Court to the May 2, 2024 FOFD for a complete and accurate statement of its contents.

48. Deny the allegations set forth in paragraph "48" of the Amended Complaint, and respectfully refer the Court to the May 2, 2024 FOFD for a complete and accurate statement of its contents.

49. Deny the allegations set forth in paragraph "49" of the Amended Complaint, except admit that Plaintiffs appealed the May 2, 2024 FOFD to the Office of State Review, and respectfully refer the Court to the appeal referenced therein for a complete and accurate statement of its contents.

50. Deny the allegations set forth in paragraph "50" of the Amended Complaint, except admit that Defendants cross-appealed the May 2, 2024 FOFD to the Office of State Review, and respectfully refer the Court to the cross-appeal referenced therein for a complete and accurate statement of its contents.

51. Admit the allegations set forth in paragraph "51" of the Amended Complaint.

52. Admit the allegations set forth in paragraph "52" of the Amended Complaint.

53. Admit the allegations set forth in paragraph "53" of the Amended Complaint.

54. Deny the allegations set forth in paragraph "54" of the Amended Complaint, and respectfully refer the Court to the decision by State Review Officer ("SRO") Steven Krolak, SRO Decision 24-237, relative to the May 2, 2024 FOFD in IH Case No. 266488 ("SRO Decision") referenced therein for a complete and accurate statement of its contents.

55. Deny the allegations set forth in paragraph "55" of the Amended Complaint, and respectfully refer the Court to the SRO Decision referenced therein for a complete and accurate statement of its contents.

56. Deny the allegations set forth in paragraph "56" of the Amended Complaint, and respectfully refer the Court to the SRO Decision referenced therein for a complete and accurate statement of its contents.

57. Admit the allegations set forth in paragraph "57" of the Amended Complaint.

58. Deny the allegations set forth in paragraph "58" of the Amended Complaint, and respectfully refer the Court to the record referenced therein for a complete and accurate statement of its contents.

59. Admit the allegations set forth in paragraph "59" of the Amended Complaint.

60. Deny the allegations set forth in paragraph "60" of the Amended Complaint, and respectfully refer the Court to the record referenced therein for a complete and accurate statement of its contents.

61. Paragraph "61" of the Amended Complaint consists entirely of a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "61" of the Amended Complaint.

62. Deny the allegations set forth in paragraph "62" of the Amended Complaint, except admit that on or about June 17, 2024, Plaintiffs sent DOE a Ten-Day Notice, and respectfully refer the Court to the June 17, 2024 Ten-Day Notice referenced therein for a complete and accurate statement of its contents.

63. Deny the allegations set forth in paragraph "63" of the Amended Complaint, except admit that on or about July 2, 2024, Plaintiffs filed a DPC against DOE which was designated IH Case No. 277268, and respectfully refer the Court to the July 2, 2024 DPC for a complete and accurate statement of its contents.

64. Admit the allegations set forth in paragraph "64" of the Amended Complaint.

65. Deny the allegations set forth in paragraph "65" of the Amended Complaint, and respectfully refer the Court to the July 2, 2024 DPC referenced therein for a complete and accurate statement of its contents.

66. Paragraph "66" of the Amended Complaint consists entirely of a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "66" of the Amended Complaint.

67. Admit the allegations set forth in paragraph "67" of the Amended Complaint.

68. Deny the allegations set forth in paragraph "68" of the Amended Complaint, and respectfully refer the Court to the pendency order issued by IHO Sabrina Styza on or about October 2, 2024 referenced therein for a complete and accurate statement of its contents.

69. Deny the allegations set forth in paragraph "69" of the Amended Complaint, and respectfully refer the Court to the pendency order issued by IHO Sabrina Styza on or about October 2, 2024 referenced therein for a complete and accurate statement of its contents.

70. As for their response to the allegations set forth in paragraph "70" of the Complaint, Defendants repeat and reaffirm each and every response set forth in paragraphs 1 through 69 above as if set forth fully herein.

71. Deny the allegations set forth in paragraph "71" of the Amended Complaint, and respectfully refer the Court to the IDEA referenced therein, as well as the IDEA's interpretive case law, for a complete and accurate statement regarding pendency.

72. Deny the allegations set forth in paragraph "72" of the Amended Complaint, and respectfully refer the Court to the IDEA referenced therein, as well as the IDEA's interpretive case law, for a complete and accurate statement regarding pendency.

73. Deny the allegations set forth in paragraph "73" of the Amended Complaint, and respectfully refer the Court to the IDEA and its interpretive case law for a complete and accurate statement regarding a student's last agreed-upon placement under pendency.

74. Deny the allegations set forth in paragraph "74" of the Amended Complaint.

75. Deny the allegations set forth in paragraph "75" of the Amended Complaint.

76. Deny the allegations set forth in paragraph "76" of the Amended Complaint.

77. Deny the allegations set forth in paragraph "77" of the Amended Complaint.

78. Deny the allegations set forth in paragraph "78" of the Amended Complaint, and respectfully refer the Court to the authority referenced therein for a complete and accurate statement of its contents.

79. Deny the allegations set forth in paragraph "79" of the Amended Complaint, and respectfully refer the Court to the authorities referenced therein for a complete and accurate statement of their contents.

80. Deny the allegations set forth in paragraph "80" of the Amended Complaint, except admit, upon information and belief, that A.M. currently attends iBrain, and respectfully refer the Court to the SRO Decision referenced therein for a complete and accurate statement of its contents.

81. Deny the allegations set forth in paragraph "81" of the Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

**AS FOR A FIRST DEFENSE**

82. The Amended Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND DEFENSE**

83. Defendants did not violate any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York, or any political subdivision thereof.

**AS FOR A THIRD DEFENSE**

84. At all times relevant to the acts alleged in the Amended Complaint, Defendants acted reasonably, lawfully, properly, constitutionally, without malice, and in good faith.

## AS FOR A FOURTH DEFENSE

85. Plaintiffs have failed to demonstrate their entitlement to the requested relief.

## AS FOR A FIFTH DEFENSE

86. The Amended Complaint is moot to the extent that Plaintiffs have received the relief requested therein.

## AS FOR A SIXTH DEFENSE

87. Plaintiffs are not entitled to all or a portion of the attorneys' fees they seek.

## AS FOR A SEVENTH DEFENSE

88. The hours billed, rates charged, and expenses billed by Plaintiffs' counsel are not reasonable.

**WHEREFORE**, Defendants request judgment dismissing the Amended Complaint in its entirety, and denying all relief requested therein, together with the costs and disbursements of this action and such other and further relief as the Court deems just and proper.

Dated: December 3, 2024
      New York, New York

          **Muriel Goode-Trufant**
          Acting Corporation Counsel of the
          City of New York
          *Attorney for Defendants*
          100 Church Street
          New York, New York 10007

          By:   */s/ Eric Teszler*
                  Eric Teszler, Esq.
                  Assistant Corporation Counsel
                  (212) 356-1652
                  eteszler@law.nyc.gov